Opinion of the Court, by
Judge Owsley.
THIS was a suit in chancery, brought by the appellees for the purpose of obtaining the rescision of a contract made for the purchase of a tract of land, including a salt-petre cave, with fixtures, implements, &c. The bill charges the appellees to have been induced to make the purchase, by the appellants’ representing the capacity of the nitrous earth in the cave to yield a much greater quantity of salt-petre than from actual experiment it is found susceptible of.
The appellants deny the alleged misrepresentations and all fraud, and allege the appellees, in making the purchase, did not rely upon any representations made by them, but upon their own examination and inspection, aided by the examination and judgment of William Jenkins, employed by them for that purpose.
The court below, on a final hearing, decreed the contract to be cancelled, and the appellants to pay the amount, with interest, which had been advanced by the appellees under the purchase; and from this decree the appellants have appealed to this court.
In the consideration of this cause we shall assume as a proposition incontestably established, not only by the positive evidence of witnesses, but as resulting from the circumstance of the appellants having worked the cave for a considerable time previous to the sale, that they must have known, and did in fact actually know when they made the sale, the capacity of the earth to yield salt-petre; and with this knowledge, it is also satisfactory proved, not, as was supposed in argument, by the deposition of Jenkins only, but by the concurrence of various others, that during the treaty for the contract the appellants represented the dirt in the cave to be capable of yielding from three-fourths of a pound to two pounds of salt-petre to the bushel of dirt; and it is, moreover, abundantly proved, that at the time of sale the nitrous earth in the cave had become greatly exhausted, but of little value, and incapable of producing any thing nigh the quantity of salt-petre represented. Were this case to be determined upon these facts alone, we apprehend there could be little doubt of the appellees’ right to relief. At law, it would be perfectly *219 clear damages might be recovered for the deceit; and we can perceive no reason why, in equity also, relief should not be granted. The case is not analogous to those where relief has been refused for a false affirmation of value only, but approaches more intimately the case where a vender falsely affirms a greater rent to be paid for the estate than is actually reserved. Whilst, in the former case, as value consists in opinion, in which men frequently differ, the law will not so far regard the interest of those who have been altogether inattentive to their own concerns, as to give an action for such vague assertions; yet, in the latter case, although the rent reserved in some measure regulates the value of the estate, as the sum paid is of a known and ascertained amount, for a false affirmation in that respect, an action will lie. 2 Ld. Ray. 1118, 2 Salk. 211. So, in the present case, though for a general assertion as to the value of the cave, an action might not be maintainable, yet for a false affirmation as to the capacity of the dirt to yield a certain quantity of salt-petre, though the quality of the dirt necessarily regulates the value of the cave, we suppose, according to the authorities just cited, an action would lie. But it is said, as the appellees appear not to have confided altogether in those representations, and thereafter, aided by Jenkins, who seems to have been employed by them for that purpose, did inspect the cave before they made the purchase, it is contended, whatever otherwise might have been the consequence, the appellants cannot be made accountable. It is true, at the time the appellant, John, made the representations to the appellees, he informed them he was not a judge of salt-petre caves; told them not to rely upon his representations, and that if they were disposed to buy, advised them to procure some person capable of judging, to examine the cave; and that they accordingly did procure Jenkins to go with them and inspect the cave. Notwithstanding, however, this was done, it by no means follows, that the appellees were not imposed upon by the representations of the appellants. That they made the purchase under an impression the dirt in the cave was of vastly superior quality to what it in reality is, from the evidence in the cause there cannot be a doubt. But whether that impression was produced by the representations of the appellants, or that of Jenkins who was employed *220 by them to examine the cave, or both, is not perfectly clear. It is probable, however, from the apparent candor with which John Perkins made the statements, that they conduced, in a great degree, to confirm the appellees in the opinion that the quality of the dirt was equal to what was represented. Whether those statements had that effect, we suppose cannot, however, be very material in the present case; for, as the purchase was evidently made under the belief that the dirt was equal in quality to what the appellants asserted, and as the appellants must, from the evidence in this cause, have known the contract was closed upon that impression, fair dealing and the dictates of moral justice required they should have made a candid disclosure of the real quality of the dirt; and their having failed to do so, must subject them to all the consequence which could result from a false suggestion, if implicitly confided in by the appellees.
We are of opinion, therefore, the court below correctly decreed a cancelment of the contract. With respect to the objections as to the details of the decree, they cannot prevail. As the appellants appear to have received four hundred dollars under the contract, it was strictly proper to decree that amount to be repaid with interest; and no impropriety is perceived in making the interest run until the principal is paid. The appellees must recover their costs in this court.